(Hamilton Co., O., Common Pleas, 1901.)
IN RE ESTATE OF CAVAGNA, DEC'D.

---

The real estate of a deceased person for the purpose of paying his debts becomes assets in the hands of the administrator, and where real property was sold by order of the probate court to pay the debts of the deceased, and had passed into the possession of the purchasers, it remains liable for and may be subjected to the payment of debts of the deceased which had been previously duly allowed by the executor but overlooked in the settlement of the estate and remained unpaid.

In settling up the estate of B. Cavagna sixteen years ago the debts of B. Cavagna & Son were by a provision of the will paid from the assets of the estate. Among the claims presented and allowed by Peter Cavagna, executor, was one of $2,000 held by Lena Gourjon. When the realty of B. Cavagna was sold in partition, a certificate was obtained from the probate court setting forth that $10,000 would be needed from the proceeds of the realty to pay the remaining indebtedness of the estate. By some mischance the claim of Lena Gourjon for $2,000, and two other claims aggregating $1,034.70, were not included in the certificate from the probate court and have never been paid. The lot upon which the Dakota building, at Fifth and Sycamore, now stands and the lot at Sixth and Walnut upon which the Times-Star building now stands, were purchased at partition sale by Ella Cavagna and by subsequent transfers passed to James M. Glenn and David Sinton respectively. In the suit at bar by Charles H. Jones, the present administrator *de bonis non* with the will annexed of B. Cavagna, it is sought to subject these properties to the payment of the above claims still outstanding against the estate. The exact prayer of the petition is "that the court may order a sale of so much of the lands aforesaid as may be necessary to pay the claims of the said Lena Gourjon and others above set forth, together with the expenses of the administration of said estate." Mr. Glenn and Mr. Sinton, as the present owners of the properties, were made the principal defendants.

On demurrer to the amended petition, S. W. Smith, J:

In the above case, upon examination of the statutes relating to partition and administration of estates and the authorities cited, the court is of the opinion that the demurrers filed to the amended petition should be overruled.

When an executor or administrator is appointed, the personal estate, as well as the real estate of the decedent so far as may be necessary to pay *any debt,* become *assets* in the hands of such executor and administrator, and it is the duty of the personal representative to *so* subject these assets.

In the case at bar the claim of Lena Gourjon was duly presented to and allowed by the personal representative as a valid claim against the estate of B. Cavagna, and the debtor thus had a right to rely upon its payment or subjection of the assets of the estate for this purpose as far as such assets would go.

It is no doubt with this in view that section 6174 provides 'that nothing herein contained shall be so construed as to prohibit any executor or administrator from proceeding to sell land belonging to such estate to pay any debts, *when the same has been sold on partition or, otherwise,*' evidently meaning that for the payment of valid debts of an estate the property would be liable until such debts are fully paid or proportionately so.

The court would call attention to the case of *Ambrose, Admr.* v. *Byne, Admr.,* 61 Ohio St., 146, and the opinion of the court therein.

As suggested, the heirs of B. Cavagna being in court, they could be held for the money received by the defendants, James M. Glenn and David Sinton.

The demurrers, therefore may be overruled.

*Herbert Jenney* and *Herron, Gatch & Herron,* for demurrer.

*John C. Healy* and *Charles H. Jones,* contra.